

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-29-2007

# USA v. Greenslade

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1095

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation
"USA v. Greenslade" (2007). *2007 Decisions.* Paper 179.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/179

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-1095

———————

UNITED STATES OF AMERICA

v.

CONRAD GREENSLADE
a/k/a "Pooter"

Conrad Greenslade,
Appellant

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 04-cr-0405-5
(Honorable William W. Caldwell)

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 5, 2007

Before: SCIRICA, *Chief Judge*, AMBRO and JORDAN, *Circuit Judges*.

(Filed   November 29, 2007)

———————

OPINION OF THE COURT

———————

SCIRICA, *Chief Judge*.

Conrad Greenslade was one of 23 defendants charged in a drug conspiracy indictment. He was sentenced to a term of 156 months after pleading guilty to distribution and possession with the intent to distribute crack cocaine. 21 U.S.C. § 841(a)(1). We will affirm.

I

Greenslade appeals on two grounds. First, he argues the District Court erred in determining drug amounts by reference to the presentence investigation report. A court may rely on any evidence as long as it has "sufficient indicia of reliability." *United States v. Brigman*, 350 F.3d 310, 315 (3d Cir. 2003). It need not meet trial standards. *U.S. v. Leekins*, 493 F.3d 143, 149 (3d Cir. 2007). Greenslade contends the guidelines calculation for drug amounts should have been limited to six controlled purchases made by Drug Enforcement Agency agents that were addressed at the change of plea hearing. But the presentence investigation report, which attributes well over one and one half kilograms to Greenslade, was based on Greenslade's interview with DEA agents, in which he told investigators that in one week he obtained approximately two ounces of crack cocaine per day and for approximately three months afterwards, he and a co-defendant obtained approximately ten ounces of crack cocaine per week. This evidence has sufficient indicia of reliability. The District Court reasonably relied on it to determine the drug amounts.

Greenslade also contends the District Court erroneously used the cocaine base crack guidelines to determine the offense level, and he attacks the disparities in penalties for distribution of crack cocaine and powder cocaine. But we have consistently found this disparity does not violate due process rights. *See*, *e.g.*, *United States v. Alton*, 60 F.3d 1065, 1069 (3d Cir. 1995) (finding "Congress had a rational basis for treating offenses involving the two substances differently") . While a court errs if it believes it has no discretion to consider such disparity, it is not required to give a lower sentence because of it. *United States v. Gunter*, 462 F.3d 237, 249 (3d Cir. 2006). The record does not suggest the court thought it had no discretion to impose a lower sentence. Therefore, the District Court did not act unreasonably in imposing sentence.

## II.

For the foregoing reasons, we will affirm the judgment of sentence imposed by the District Court.